E-FILED
Friday, 11 July, 2025 04:21:43 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

**PEGGY WHITFORD,**
**Individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**BLESSING CORPORATE SERVICES, INC.,**

**Defendant.**

**Case No. ________________**

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

**CLASS ACTIONS PURSUANT TO FED. R. CIV. P. 23**

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Peggy Whitford—brings this action individually and on behalf of all current and former hourly employees (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendant—Blessing Corporate Services, Inc. ("Blessing Health")—at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1–105/15 ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1–115/15 ("IWPCA") (the IMWL and IWPCA are collectively referred to as the "Illinois Acts").

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and class actions pursuant to the state laws of Illinois under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Blessing Health at any time during the relevant time periods through the final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of wages, including overtime, in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), Blessing Health knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Blessing Health's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked and recorded hours in excess of forty (40) (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed compensable work (and continue to perform) "off the clock" through their respective meal-period breaks.

7. Blessing Health also employs an improper and non-neutral time rounding policy that, over time, fails to compensate the Plaintiff and Putative Collective/Class Members for all the time they have actually worked—including overtime hours.

8. The effect of Blessing Health's practices were (and are) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Blessing Health has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and applicable state law.

9. Blessing Health knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime at the proper rate on a routine and regular basis during the relevant time period(s).

10. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

11. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the state laws of Illinois as class actions pursuant to FED. R. CIV. P. 23.

12. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

13. Plaintiff also prays that the Rule 23 classes are certified as defined herein, with the Plaintiff designated herein named as the Class Representative.

## II.
## THE PARTIES

14. Plaintiff—Peggy Whitford ("Whitford")—was employed by Blessing Health in Illinois during the relevant time period(s). Plaintiff Whitford did not receive compensation for all hours

worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

15. The FLSA Collective Members are those current and former hourly employees who were employed by Blessing Health, anywhere in the United States, at any time from July 11, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

16. The IWPCA Class Members are those current and former hourly employees who were employed by Blessing Health, in the State of Illinois, at any time from July 11, 2015, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Whitford worked and was paid.

17. The IMWL Class Members are those current and former hourly employees who were employed by Blessing Health, in the State of Illinois, at any time from July 11, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Whitford worked and was paid.

18. Defendant Blessing Corporate Services, Inc. ("Blessing Health") is a domestic non-profit corporation, that is headquartered in, and licensed to do business in, the State of Illinois and may be served through its registered agent for service of process: **C T Corporation System, 208 SO LaSalle St, Suite 814, Chicago, IL 60604-1101.**

[1] The written consent of Peggy Whitford is attached hereto as Exhibit "A."

## III.
## JURISDICTION & VENUE

19. This Court has federal question jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

20. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

21. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

22. This Court has general personal jurisdiction over Blessing Health because Illinois qualifies as its home state.

23. Venue is proper pursuant to 28 U.S.C. § 1391 in the Central District of Illinois because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24. Additionally, Blessing Health's corporate headquarters are in Quincy, Illinois, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

25. Defendant Blessing Health operates numerous clinics and hospital facilities across Illinois.[2]

26. To provide its services, Blessing Health employed (and continues to employ) numerous hourly employees—including Plaintiff and the Putative Collective and Class Members.

---

[2] https://www.blessinghealth.org/about-us.

27. Plaintiff and the Putative Collective/Class Members were employed by Blessing Health as non-exempt hourly employees who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

28. Plaintiff and the Putative Collective/Class Members' job duties include providing healthcare services to Blessing Health's customers.

29. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

30. Importantly, none of the FLSA exemptions relieving a covered employer (such as Blessing Health) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

31. Plaintiff Whitford was employed by Blessing Health as a Patient Access Representative in the State of Illinois from approximately 2022 until April 2024.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Blessing Health resulting in the complained of FLSA and state law violations.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties.

34. Plaintiff and the Putative Collective/Class Members are non-exempt employees who were (and are) paid by the hour.

35. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Blessing Health resulting in the complained of FLSA and state law violations.

**Unpaid Meal Breaks**

36. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and had a meal break automatically deducted from their daily time.

37. Plaintiff and the Putative Collective/Class Members were typically scheduled to work five (5) days per week, eight (8) hours per day, which equates to forty (40) hours per week—these are referred to as "on-the-clock" hours.

38. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between two-and one-half hours "off-the-clock" per week and have not been compensated for that time.

39. Blessing Health has a policy to automatically deduct one 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

40. Despite automatically deducting thirty (30) minutes from Plaintiff and Putative Collective/Class Members' time each shift, Plaintiff and the Putative Collective/Class Members did not receive or take a thirty (30) minute meal break.

41. Blessing Health was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and relevant state law.

42. Blessing Health benefitted from Plaintiff and the Putative Collective/Class Members' free labor, as Plaintiff and the Putative Collective/Class Members typically worked throughout their entire shift without taking a break.

43. Blessing Health knew Plaintiff and the Putative Collective/Class Members did not take breaks because Blessing Health's supervisors observed Plaintiff and the Putative Collective/Class Members work throughout their entire shifts without taking a break.

44. Blessing Health also knew Plaintiff and the Putative Collective/Class Members did not take breaks because Plaintiff and the Putative Collective/Class Members complained to Blessing Health that they did not take meal breaks and should have been paid for their time.

45. Blessing Health's thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state law.

46. Specifically, when Plaintiff and the Putative Collective/Class Members worked four (4) or fewer eight-hour shifts in a week and did not receive a meal break during any shift, Blessing Health's meal break policy resulted in Plaintiff and the Putative Collective/Class Members not being paid for two (2) hours of compensable straight time work.

47. When Plaintiff and the Putative Collective/Class Members worked five (5) or more eight-hour shifts in a week and did not receive a meal break during any shift, Blessing Health's meal break policy resulted in Plaintiff and the Putative Collective/Class Members not being paid for two and a half (2.5) hours of compensable overtime work.

48. As a result of Blessing Health's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," such as during their unpaid meal breaks, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.

**Improper Non-Neutral Rounding Policy**

49. Blessing Health also employs a policy that rounds Plaintiff and the Putative Collective/Class Members' clock in and clock out times to a fifteen-minute increment that favors Blessing Health.

50. For example, when a Putative Collective/Class Member clocks in at 6:38 a.m., Blessing Health rounds their time up to 6:45 a.m., resulting in that Putative Collective/Class Member not being paid for the seven (7) minutes of work performed from 6:38 a.m. to 6:45 a.m.

51. To be valid, rounding policies must ensure that, over a period of time, an employee is fully compensated "for all the time they have actually worked." 29 C.F.R. 785.48. The policy must be neutral both on its face and in its application. *See Williams v. Molina Healthcare, Inc.*, No. 18 C 5522, 2020 WL 13665599, at *2 (N.D. Ill. Mar. 27, 2020)

52. Blessing Health's rounding policy is not neutral on its face or in its application because Plaintiff and the Putative Collective/Class Members are told to clock in and clock out during times that are rounded off and they are subject to discipline should they clock in or out during a time that would benefit them. *Id.* ("one can imagine a policy which, in practice, benefits only the employer, because, for example, the company punished tardiness in a way that results in employees always arriving a few minutes early and never arriving a few minutes late").

53. As a result, Plaintiff and the Putative Collective/Class Members clock in and out during time periods that round against them and benefit Blessing Health.

54. Specifically, Blessing Health's policy advises employees to clock in up to seven (7) minutes prior to their shift start time (which rounds against them) but can be subject to discipline should they clock in eight (8) or more minutes early (which would round in their favor).

55. Blessing Health's policy also states that employees are subject to discipline in the form of an occurrence or tardy should they clock in even one (1) minute after their shift starts (which would round in their favor).

56. Read together, Blessing Health's policy contains a facially non-neutral rounding policy. Employees are encouraged to clock in only during times in which their work is rounded against them, thereby benefitting Blessing Health. Employees are further discouraged from clocking in during times that rounding would benefit them.

57. Blessing Health's rounding policy is not neutral on its face or in its application and resulted in the failure to compensate Plaintiff and the Putative Collective/Class Members for all compensable overtime hours.

58. Blessing Health's failure to compensate Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and applicable state law.

59. Blessing Health knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA.

60. Blessing Health knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

61. Blessing Health knew or should have known that not compensating Plaintiff and the Putative Collective/Class Members for all overtime hours worked at the correct rate did cause, and continues to cause, financial injury to Plaintiff and the Putative Collective/Class Members.

62. Because Blessing Health did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Blessing Health's

pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state law.

63. Because Blessing Health did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Blessing Health's pay policies and practices violated (and continue to violate) applicable state law.

64. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time, liquidated damages, penalties, and other damages owed pursuant to applicable state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

65. The preceding paragraphs are incorporated as though fully set forth herein.

66. The FLSA Collective is defined as follows:

> **ALL HOURLY EMPLOYEES WHO WERE EMPLOYED BY BLESSING CORPORATE SERVICES, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 11, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

67. At all material times, Blessing Health has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

68. At all material times, Blessing Health has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

69. At all material times, Blessing Health has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of healthcare facilities and commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

70. Specifically, Blessing Health employs numerous hourly employees to provide services in the healthcare industry across the United States, treats patients who maintain their domicile across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

71. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Blessing Health, these individuals provided services for Blessing Health that involved interstate commerce for purposes of the FLSA.

72. In performing work for Blessing Health, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

73. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Blessing Health's customers and employees throughout the United States. 29 U.S.C. § 203(j).

74. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

75. The proposed classes of similarly situated employees—that is, the FLSA collectives sought to be certified pursuant to 29 U.S.C. § 216(b), are defined in Paragraph 66.

76. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Blessing Health.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

77. Blessing Health violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of healthcare services, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

78. Moreover, Blessing Health knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

79. Blessing Health knew or should have known its pay practices were in violation of the FLSA.

80. Blessing Health is a sophisticated party and employer, and therefore knew (or should have known) that its pay policies were (and continue to be) in violation of the FLSA.

81. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Blessing Health to pay them according to the law.

82. The decision and practice by Blessing Health to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

83. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA

in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

84. All previous paragraphs are incorporated as though fully set forth herein.

85. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Blessing Health's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

86. Other similarly situated employees of Blessing Health have been victimized by Blessing Health's patterns, practices, and policies, which are in willful violation of the FLSA.

87. The FLSA Collectives are defined in Paragraph 66.

88. Blessing Health's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Blessing Health, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

89. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

90. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

91. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

92. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

93. Absent a collective action, many members of the proposed FLSA collectives will not likely obtain redress of their injuries and Blessing Health will retain the proceeds of their violations.

94. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

95. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 66.

**SECOND CAUSE OF ACTION**
**(Class Action Alleging Violations of the IMWL)**

**A. IMWL COVERAGE**

96. All previous paragraphs are incorporated as though fully set forth herein.

97. The IMWL Class is defined as:

**ALL HOURLY EMPLOYEES WHO WERE EMPLOYED BY BLESSING CORPORATE SERVICES, INC., IN THE STATE OF ILLINOIS, AT ANY TIME FROM JULY 11, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("IMWL Class Members").**

98. At all material times, Blessing Health has been an "employer" as defined by the IMWL. *See* 820 Ill. Comp. Stat. Ann. 105/3(c).

99. At all material times, Plaintiff Whitford and the IMWL Class Members were Blessing Health's "employees" as defined within the IMWL. *See* 820 Ill. Comp. Stat. Ann. 105/3(d).

100. Blessing Health—the "employer"—is not exempt from paying wages and overtime benefits under the IMWL.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE IMWL**

101. All previous paragraphs are incorporated as though fully set forth herein.

102. The IMWL requires employers, like Blessing Health, to pay employees, including Plaintiff Whitford and the IMWL Class Members, overtime wages at a rate not less than 1.5 times

their regular rates of pay for all hours worked after forty (40) hours in a workweek. *See* 820 Ill. Comp. Stat. Ann. 105/4a.

103. Blessing Health violated, and continues to violate, the IMWL by failing to pay Plaintiff Whitford and the IMWL Class Members overtime wages at rates not less than 1.5 times their regular rates for all hours worked after forty (40) in a workweek, including off-the-clock hours worked by Plaintiff and the IMWL Class Members during their unpaid meal breaks.

104. In violating the IMWL, Blessing Health acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Illinois law.

105. As a direct and proximate result of Blessing Health's willful conduct, Plaintiff Whitford and the IMWL Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including treble damages, monthly statutory damages, and reasonable attorneys' fees pursuant to the IMWL. *See* 820 ILCS 105/12(A).

106. Blessing Health is in possession and control of necessary documents and information from which Plaintiff Whitford would be able to precisely calculate damages.

107. The proposed class of putative class members sought to be certified pursuant to the IMWL is defined in Paragraph 97.

108. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Blessing Health.

**C. IMWL CLASS ALLEGATIONS**

109. Plaintiff Whitford and the IMWL Class Members bring their IMWL claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Blessing Health to work in Illinois since July 11, 2022.

110. Class action treatment of Plaintiff Whitford and the IMWL Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

111. The number of IMWL Class Members is so numerous that joinder of all class members is impracticable.

112. Plaintiff Whitford's IMWL state-law claims share common questions of law and fact with the claims of the IMWL Class Members.

113. Plaintiff Whitford is a member of the IMWL Class, her claims are typical of the claims of other IMWL Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other IMWL Class Members.

114. Plaintiff Whitford and her counsel will fairly and adequately represent the IMWL Class Members and their interests.

115. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the IMWL Class should be certified as defined in Paragraph 97.

## THIRD CAUSE OF ACTION
## (Class Action Alleging Violations of the IWPCA)

### A. IWPCA COVERAGE

116. All previous paragraphs are incorporated as though fully set forth herein.

117. The IWPCA Class is defined as:

> **ALL HOURLY EMPLOYEES WHO WERE EMPLOYED BY BLESSING CORPORATE SERVICES, INC., IN THE STATE OF ILLINOIS, AT ANY TIME FROM JULY 11, 2015, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("IWPCA Class Members").**

118. At all material times, Blessing Health has been an "employer" as defined by the IWPCA. *See* 820 Ill. Comp. Stat. Ann. 115/2.

119. At all material times, Plaintiff Whitford and the IWPCA Class Members were Blessing Health's "employees" as defined within the IWPCA. *Id.*

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE IWPCA**

120. All previous paragraphs are incorporated as though fully set forth herein.

121. The IWPCA requires employers, like Blessing Health, to pay employees, including Plaintiff Whitford and the IWPCA Class Members, for all hours they work at the rate(s) agreed to by the Parties.

122. During the course of their employment, Blessing Health agreed to pay Plaintiff Whitford and each IWPCA Class Member an hourly rate for all hours they worked in a workweek.

123. Plaintiff Whitford and each IWPCA Class Member accepted Blessing Health's offer.

124. But during the course of their employment, Blessing Health failed to pay Plaintiff Whitford and the IWPCA Class Members for all the time they worked at the rates Blessing Health agreed to pay them because Blessing Health failed to pay Plaintiff Whitford and the IWPCA Class Members for work performed off-the-clock, including during their unpaid meal break and time that was rounded off that over time, resulted in hours of unpaid work.

125. Blessing Health violated and continues to violate the IWPCA by failing to pay Plaintiff Whitford and the IWPCA Class Members all wages earned (at the rates Blessing Health agreed to pay them) for all hours of work they performed for Blessing Health's benefit.

126. In violating the IWPCA, Blessing Health acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Illinois law.

127. As a direct and proximate result of Blessing Health's willful conduct, Plaintiff Whitford and the IWPCA Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, monthly statutory damages, and reasonable attorneys' fees pursuant to the IWPCA. *See* 820 ILCS 115/14(A).

128. Blessing Health is in possession and control of necessary documents and information from which Plaintiff Whitford would be able to precisely calculate damages.

129. The proposed class of putative class members sought to be certified pursuant to the IWPCA is defined in Paragraph 117.

130. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Blessing Health.

**C. IWPCA CLASS ALLEGATIONS**

131. Plaintiff Whitford and the IWPCA Class Members bring their IWPCA claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Blessing Health to work in Illinois since July 11, 2015.

132. Class action treatment of Plaintiff Whitford and the IWPCA Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

133. The number of IWPCA Class Members is so numerous that joinder of all class members is impracticable.

134. Plaintiff Whitford's IWPCA state-law claims share common questions of law and fact with the claims of the IWPCA Class Members.

135. Plaintiff Whitford is a member of the IWPCA Class, her claims are typical of the claims of other IWPCA Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other IWPCA Class Members.

136. Plaintiff Whitford and her counsel will fairly and adequately represent the IWPCA Class Members and their interests.

137. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

Accordingly, the IWPCA Class should be certified as defined in Paragraph 117.

## VI.
## RELIEF SOUGHT

138. Plaintiff respectfully prays for judgment against Blessing Health as follows:

a. For an Order certifying the FLSA Collectives as defined in ¶ 66;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Blessing Health liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the IMWL Class as defined in ¶ 97, and designating Plaintiff Whitford as Representative of the IMWL Class;

e. For an Order pursuant to Illinois state law awarding Plaintiff Whitford and the IMWL Class Members damages for unpaid wages and all other damages allowed by law;

f. For an Order certifying the IWPCA Class as defined in ¶ 117, and designating Plaintiff Whitford as Representative of the IWPCA Class;

g. For an Order pursuant to Illinois state law awarding Plaintiff Whitford and the IWPCA Class Members damages for unpaid wages and all other damages allowed by law;

h. For an Order awarding the costs of this action;

i. For an Order awarding attorneys' fees;

j. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

k. For an Order awarding Plaintiff Whitford a service award as permitted by law;

l. For an Order compelling the accounting of the books and records of Blessing Health, at Blessing Health's expense (should discovery prove inadequate); and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 11, 2025

Respectfully submitted,

*/s/ Douglas M. Werman*
One of Plaintiff's Counsel


| | |
|---|---|
| **WERMAN SALAS P.C.**<br><br>**Douglas M. Werman**<br>dwerman@flsalaw.com<br>**Maureen A. Salas**<br>msalas@flsalaw.com<br>77 W. Washington St., Suite 1402<br>Chicago, Illinois 60602<br>312-419-1008 | **ANDERSON ALEXANDER, PLLC**<br><br>**Clif Alexander**<br>Texas Bar No. 24064805<br>clif@a2xlaw.com<br>**Austin Anderson**<br>Texas Bar No. 24045189<br>austin@a2xlaw.com<br>**Carter T. Hastings**<br>Texas Bar No. 24101879<br>carter@a2xlaw.com<br>101 N. Shoreline Blvd, Suite 610<br>Corpus Christi, Texas 78401<br>(361) 452-1279 |
| **JOSEPHSON DUNLAP, LLP**<br><br>**Michael A. Josephson**<br>TX Bar No. 24014780<br>mjosephson@mybackwages.com<br>**Andrew W. Dunlap**<br>TX Bar No. 24078444<br>adunlap@mybackwages.com<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>Telephone: 713-352-1100 | **BRUCKNER BURCH PLLC**<br><br>**Richard J. (Rex) Burch**<br>TX Bar No. 24001807<br>rburch@brucknerburch.com<br>11 Greenway Plaza, Suite 3025<br>Houston, Texas 77046<br>713-877-8788 |

***Attorneys in Charge for Plaintiff and the Putative Collective/Class Members***