E-FILED
Wednesday, 18 February, 2026  01:24:59 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PEGGY WHITFORD, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-cv-3204 |
| BLESSING CORPORATE SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Stipulation Regarding Notice to the Putative FLSA Collective Members Pursuant To 29 U.S.C. § 216(b) (d/e 50) filed by Plaintiff Peggy Whitford ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendant Blessing Corporate Services, Inc. ("Defendant"). In their Motion, the parties agree to and request that the Court issue an Order of authorization of notice of a Fair Labor Standard Act ("FLSA") collective action to the "Putative FLSA Collective Members," consisting of "all current and former hourly-paid employees who

worked for Blessing Hospital at any time within the last three years and two months." d/e 50, pp. 1, 3.

Because Plaintiff has made a threshold factual showing that she and the members of the proposed collective are victims of a common unlawful employment practice or policy, the Court GRANTS the parties' request for conditional certification and approves the parties' proposed notice.

## I. BACKGROUND

Plaintiff brings this action individually and on behalf of all current and former hourly employees who worked within the relevant time frame for Defendant, which operates numerous clinics and hospital facilities across Illinois. See d/e 1, pp. 1, 5.

On July 11, 2025, Plaintiff filed this action against Defendant. See d/e 1. Plaintiff alleges, among other claims under different statutes, that Defendant failed to properly compensate Plaintiff—who worked as a Patient Access Representative for Defendant—and those similarly situated employees for all hours worked and for the proper amount of overtime under the FLSA and applicable state law. See id. at pp. 6, 10-11.

Specifically, Plaintiff claims that Defendant failed "to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed 'off the clock,' such as during their unpaid meal breaks," resulting in "Plaintiff and the Putative Collective/Class Members work[ing] straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law." Id. at p. 8. Further, Plaintiff claims that Defendant knew or should have known that it implemented "a facially non-neutral rounding policy" that did not compensate Plaintiff and the Putative Collective/Class Members for the proper amount of overtime at the proper rate in violation of the FLSA. See id. at pp. 9-10.

On August 7, 2025, Defendant filed a Motion to Dismiss Count III of the Complaint (d/e 18). On August 21, 2025, Plaintiff filed a Response (d/e 21). On August 28, 2025, Defendant filed a Reply (d/e 24).

On February 11, 2026, Plaintiff filed the joint Stipulation Regarding Notice to the Putative FLSA Collective Members Pursuant To 29 U.S.C. § 216(b) (d/e 50) now before the Court.

## II. THE FAIR LABOR STANDARDS ACT

Under the FLSA, employers must pay their employees overtime wages for each hour worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). Employees may bring a collective action against an employer to recover unpaid overtime compensation on behalf of themselves and on behalf of other similarly situated employees. 29 U.S.C. § 216(b). Unlike class actions under Federal Rule of Civil Procedure 23(b), where potential plaintiffs are included in the class unless they opt out, potential plaintiffs in FLSA collective actions must affirmatively opt in to the suit. See Alvarez v. City of Chi., 605 F.3d 445, 448 (7th Cir. 2010).

Moreover, under the FLSA, the statute of limitations continues to run for each potential plaintiff until he or she opts in to the lawsuit. 29 U.S.C. § 256; In re Jimmy John's Overtime Litig., 877 F.3d 756, 760 n.3 (7th Cir. 2017). The FLSA requires that an action "be commenced within two years after the cause of action accrued," unless the violation was willful, in which case a three-year statute of limitations applies. 29 U.S.C. § 255(a). An FLSA lawsuit commences as to an individual claimant on: (1) the date the complaint was filed if the claimant is specifically named as a party

in the complaint and files written consent to become a party

plaintiff on such date; or (2) the date on which written consent is

filed. 29 U.S.C. § 256. Therefore, the lawsuit's filing does not toll the

statute of limitations for putative collective members until they file

their own consents.

The statute of limitations in FLSA suits is not jurisdictional,

and equitable tolling can be applied. Bergman v. Kindred

Healthcare, Inc., 949 F. Supp. 2d 852, 860 (N.D. Ill. 2013).

Equitable tolling is warranted if the litigant establishes (1) that he

or she has been pursuing his or her rights diligently; and (2) that

some extraordinary circumstance prevented timely filing. Knauf

Insulation, Inc. v. Southern Brands, Inc., 820 F.3d 904, 908 (7th

Cir. 2016).

The Court has broad discretion regarding the details of a

notice sent to potential opt-in plaintiffs, including the length of the

opt-in period. Woods v. Club Cabaret, Inc., 140 F. Supp. 3d 775,

783-84 (C.D. Ill. 2015). Courts routinely approve 90-day opt-in

periods. Id. (citing Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d

560, 574 (D. Md. 2012)).

### III. ANALYSIS

The parties request that the Court conditionally certify a collective and approve the sending of notice to the putative collective members. See d/e 50, pp. 1, 3.

The Seventh Circuit recently articulated the procedure for determining whether an FLSA lawsuit should proceed as a collective action in Richards v. Eli Lilly & Co., 149 F.4th 901 (7th Cir. 2025), cert. denied, No. 25-476, 2026 WL 79908 (U.S. Jan. 12, 2026).

"[T]o secure notice, a plaintiff must first make a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated." Id. at 913. Specifically, "a plaintiff must produce some evidence"—often "in the form of affidavits and counter-affidavits"—"suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." Id. "[D]efendants must be permitted to submit rebuttal evidence" for consideration alongside "the extent to which plaintiffs engage" with defendants' evidence. Id.

If the district court then identifies from that evidence "at least a material dispute, the decision to issue notice will depend on its assessment of" the dispute:

If the district court is persuaded that the evidence necessary to resolve a similarity dispute is likely in the hands of yet-to-be-noticed plaintiffs, it may proceed with a two-step approach—that is, it may issue notice to the proposed collective while postponing the final determination as to whether plaintiffs are similarly situated until plaintiffs move for certification after opt-in and discovery are complete. Alternatively, if the court is confident that a similarity dispute can be resolved by a preponderance of the evidence before notice, it may authorize limited and expedited discovery to make this determination and tailor (or deny) notice accordingly. This flexibility promotes efficient case management, enabling a district court to tailor its approach depending on the issues and complexities of the case before it.

Id. at 913–14.

Here, an additional 58 individuals have signed Consent to Join Forms in Plaintiff's action. See d/e 6 (18 consents), d/e 7 (one consent), d/e 12 (three consents), d/e 13 (three consents), d/e 20 (withdrawing one consent), d/e 22 (six consents), d/e 27 (one consent), d/e 28 (three consents), d/e 29 (two consents), d/e 30 (two consents), d/e 31-42 (one consent each), d/e 43 (two consents), d/e 44 (one consent), d/e 45 (two consents), d/e 46 (one consent), d/e 47 (one consent), d/e 51 (one consent).

The most recent Consent to Join Form (d/e 51) was filed on February 13, 2026—two days after the Stipulation (d/e 50) was filed before the Court. The most recent form is nearly or the same as all

of the other forms filed to date, all of which were filed over 30 days ago, and Defendant has not submitted rebuttal evidence against any of them. In fact, Defendant explicitly agrees to and requests a collective action including "all current and former hourly-paid employees who worked for Blessing Hospital at any time within the last three years and two months." <u>See</u> d/e 50, pp. 1, 3.

In each of the forms, the signer declares that he or she has "claims of unpaid overtime during the time that [he or she worked] with the company." <u>See</u> <u>id.</u> Therefore, the Court finds that the signers and Plaintiff have made "a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated" by way of "evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." <u>Richards v. Eli Lilly & Co.</u>, 149 F.4th 901, 913 (7th Cir. 2025), <u>cert. denied,</u> No. 25-476, 2026 WL 79908 (U.S. Jan. 12, 2026).

Having identified from the evidence "at least a material dispute," this Court is further "persuaded that the evidence necessary to resolve a similarity dispute is likely in the hands of yet-to-be-noticed plaintiffs." <u>Id.</u>

Page **8** of **9**

The parties have submitted to the Court a proposed schedule for the requested notice. See d/e 50, Exh. A. As neither party objects, and the information sought and deadlines proposed are reasonable, the Court authorizes issuance of "notice to the proposed collective" using the parties' proposed Notice and Consent forms in Exhibit A of their Motion (d/e 50) and pursuant to the parties' jointly proposed schedule "while postponing the final determination as to whether plaintiffs are similarly situated until plaintiffs move for certification after opt-in and discovery are complete." Richards, 149 F.4th at 913.

## IV. CONCLUSION

For the reasons stated, the parties' notice authorization request in their Stipulation Regarding Notice to the Putative FLSA Collective Members Pursuant to 29 U.S.C. § 216(b) (d/e 50) is GRANTED.


**ENTERED: February 18, 2026**
**FOR THE COURT:**

 s/Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**