**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| PEGGY WHITFORD, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-cv-3204 |
| BLESSING CORPORATE SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Blessing Corporate Services, Inc.'s ("Defendant") Motion to Dismiss Count III of the Complaint (d/e 21). Plaintiff Peggy Whitford's ("Plaintiff") Complaint (d/e 1) states a claim upon which relief can be granted, so Defendant's Motion (d/e 18) is DENIED.

### I.  BACKGROUND

The following facts are alleged in Plaintiff's Complaint (d/e 1) and are accepted as true at the motion to dismiss stage. Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 639 (7th Cir. 2015).

On July 11, 2025, Plaintiff filed this action against Defendant, which operates numerous clinics and hospital facilities across Illinois. See d/e 1, see also id. at p. 5, ¶ 25. Plaintiff, who worked as a Patient Access Representative for Defendant from approximately 2022 until April 2024, brings this action individually and on behalf of all current and former hourly employees who worked within the relevant time frame for Defendant. See id. at pp. see id. at pp. 1 and 6, ¶ 31.

Plaintiff first alleges causes of action under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 et seq. See d/e 1, pp. 1, 11-17.

As relevant here, Plaintiff alleges a third cause of action that Defendant violated and continues to violate the Illinois Wage Payment and Collection Act, 820 ILL. COMP. STAT. 115/1 et seq. ("the Wage Act"), "by failing to pay Plaintiff Whitford and the [Wage Act] Class Members all wages earned (at the rates [Defendant] agreed to pay them) for all hours of work they performed for [Defendant]'s benefit." d/e 1, pp. 17-18, ¶ 125.

Plaintiff claims that Defendant "has a policy to automatically

deduct one 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such 'breaks.'" Id. at p. 7, ¶ 39. Plaintiff claims that Defendant also knew or should have known it implemented "a facially non-neutral rounding policy" as to Plaintiff's and the Putative Collective/Class Members' clock in and clock out times that did not "compensate Plaintiff and the Putative Collective/Class Members for all compensable overtime hours." Id. at p. 10, ¶¶ 56-57. Plaintiff claims that Defendant "agreed to pay Plaintiff Whitford and each [Wage Act] Class Member an hourly rate for all hours they worked in a workweek" "[d]uring the course of their employment" and that "Plaintiff Whitford and each [Wage Act] Class Member accepted" Defendant's offer. Id. at p. 18, ¶¶ 122-23.

Therefore, Plaintiff claims that:

[Defendant] failed to pay Plaintiff Whitford and the [Wage Act] Class Members for all the time they worked at the rates [Defendant] agreed to pay them because [Defendant] failed to pay Plaintiff Whitford and the [Wage Act] Class Members for work performed off-the-clock, including during their unpaid meal break and time that was rounded off that over time, resulted in hours of unpaid work.

Id. at p. 18, ¶ 124.

On August 7, 2025, Defendant filed a Motion to Dismiss Count

III of the Complaint (d/e 18). On August 21, 2025, Plaintiff filed a Response (d/e 21). On August 28, 2025, Defendant filed a Reply (d/e 24).

## II.   JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act of 1938, which is a federal statute. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court has supplemental jurisdiction over Plaintiff's claims arising under the Wage Act pursuant to its supplemental jurisdiction. See 28 U.S.C. § 1367(a) (A district court with original jurisdiction of a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]").

Venue is proper because Defendant is headquartered in the Central District of Illinois and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Central District of Illinois. See 28 U.S.C. § 1391(b), see also d/e 1, p. 5, ¶¶ 23-24.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the complaint's sufficiency. <u>Christensen v. Cnty. of Boone</u>, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" that puts the defendant on notice of the allegations. Fed. R. Civ. P. 8(a)(2), <u>see</u> <u>also</u> <u>Higgs v. Carver</u>, 286 F.3d 437, 439 (7th Cir. 2002). The Court accepts all well-pled facts alleged and draws all possible inferences in the plaintiff's favor. <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint must put forth plausible grounds to demonstrate a claim for relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). A plausible claim is one from which the court can draw reasonable inferences that the defendant is liable for the misconduct alleged. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Additionally, the complaint must raise a reasonable expectation that discovery will reveal evidence of liability. <u>Twombly</u>, 550 U.S. at 556. A complaint merely reciting a cause of action or conclusory legal statements is insufficient. <u>Iqbal</u>, 556 U.S. at 678.

To state a claim under the Wage Act, an employee must

"demonstrate that they are owed compensation from the defendant employer pursuant to an employment agreement." <u>Chagoya v. City of Chicago</u>, 992 F.3d 607, 624 (7th Cir. 2021) (quoting <u>Enger v. Chi. Carriage Cab Corp.</u>, 812 F.3d 565, 568 (7th Cir. 2016) (<u>citing</u> <u>also</u> <u>Brown v. Lululemon Athletica, Inc.</u>, No. 10-cv-05672, 2011 WL 741254, at *3 (N.D. Ill. Feb. 24, 2011) ("It is well established that an employee can have no claim under the [Wage Act] unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed.")).

That "employment agreement need not be a formally negotiated contract," and a plaintiff need not "plead all contract elements if she can plead facts showing mutual assent to terms that support the recovery." <u>Chagoya</u>, 992 F.3d at 624 (quoting <u>Landers-Scelfo v. Corp. Off. Sys., Inc.</u>, 827 N.E.2d 1051, 1059 (2005)); <u>see</u> <u>also</u> <u>Das v. Tata Consultancy Servs. Ltd.</u>, 118 F.4th 903, 907 (7th Cir. 2024) ("At the pleading stage, all [a plaintiff] must do is plead facts showing mutual assent to terms that support recovery" (internal citations omitted).).

The Wage Act "holds the employer only to its promise under the employment agreement." <u>Chagoya</u>, 992 F.3d at 624. "It is not

enough to allege 'the existence of <u>any</u> employment contract or agreement': the [employee] must "alleg[e] the existence of a contract or agreement that specifically gives [the employee] a right to the wages [they] seek[ ]." <u>Id.</u> at 624–25, <u>citing</u> <u>Dominguez v. Micro Ctr. Sales Corp.</u>, No. 11-cv-8202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012) (dismissing Wage Act claim for failure to allege specific agreement beyond general employment contract).

This claim concerns money Plaintiff believes Defendant should have paid her while she was employed, so the "wages" at issue under the Wage Act encompass "any compensation owed [Plaintiff] by [Defendant] pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." <u>See</u> <u>Das</u>, 118 F.4th at 907 (<u>quoting</u> 820 ILL. COMP. STAT. 115/2).

## IV. ANALYSIS

Defendant's Motion to Dismiss argues that "Plaintiff fails to plead facts sufficient to support a cause of action under" the Wage Act. d/e 18, p. 1. In support, Defendant cites to several district court cases finding "that conclusory allegations that an employer agreed to pay an employee an agreed upon hourly rate for all hours

of work performed, are insufficient to support a claim that an employer failed to pay an employee for off-the-clock work before or after work and/or during unpaid meal breaks." Id. at p. 3 (quoting Loonsfoot v. Stake Ctr. Locating, LLC, No. 23-CV-03171, 2024 WL 3568655, at *5 (S.D. Ill. July 29, 2024)).

Defendant cites four Wage Act case opinions issued by sister district courts in this Circuit following Chagoya v. City of Chicago, 992 F.3d 607 (7th Cir. 2021). See d/e 18, p. 3; see also Loonsfoot, 2024 WL 3568655, at *5; see also Brashear v. SSM Health Care Corp., No. 4:22-CV-00569-SRC, 2022 WL 17987041, at *4 (E.D. Mo. Dec. 29, 2022); see also Hoffman v. RoadLink Workforce Sols., LLC, No. 12 C 7323, 2014 WL 3808938, at *5 (N.D. Ill. Aug. 1, 2014); see also Gomez v. El-Milagro, Inc., 23 C 1606, 2023 WL 7418833 (N.D. Ill. Oct. 18, 2023). However, the Court notes that these holdings, while instructive, are not binding and that other district courts have ruled differently in the wake of Chagoya. See, e.g., Gibbs v. ABT Elecs., Inc., No. 21 CV 6277, 2022 WL 16540182, at *5 (N.D. Ill. Oct. 28, 2022).

In Chagoya, Chicago Police Department SWAT Unit officers sought overtime compensation under the Wage Act for the off-duty

time required to transport, load, unload, and store their SWAT equipment inside of their residences because it could not be left in their vehicles—activities that the Seventh Circuit Court of Appeals deemed "very far removed, both logically and practically, from the [officers'] principal activity of handling critical incidents." See Chagoya, 992 F.3d at 610-11, 615, 623-24. The Collective Bargaining Agreement between the Defendant City of Chicago and the officers provided that "[a]ll approved overtime in excess of the hours required of an officer by reason of the officer's regular duty" be compensated at a set rate. Id. at 624.

The Seventh Circuit found that nothing in the Collective Bargaining Agreement established an "express agreement between the parties that the City would compensate the [officers] for the off-duty time spent transporting, unloading, and securing their equipment inside their residences." Id. The Seventh Circuit quoted Dominguez v. Micro Center Sales Corp., No. 11-cv-8202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012) in noting that the officers had to "alleg[e] the existence of a contract or agreement that specifically gives [them] a right to the wages [they] seek[]." Chagoya, 992 F.3d at 625 (quoting Dominguez, 2012 WL 1719793, at *1).

In <u>Dominguez</u>, the so-named plaintiff alleged that she "regularly worked over forty hours per week without overtime pay and regularly [was] required to stock shelves without any pay." <u>Dominguez</u>, 2012 WL 1719793, at *1. She further alleged that "she worked for the Defendant and was paid routinely by her employer, although not for certain tasks," in an implicit employment agreement and that, "[i]n addition to her regular duties as a Sales Consultant, [the defendant] required Ms. Dominguez to perform work such as stocking shelves for which she was uncompensated." Brief for Plaintiff at pp. 4-5, 8, <u>Dominguez v. Micro Ctr. Sales Corp.</u>, 2012 WL 1719793 (N.D. Ill. May 15, 2012) (No. 11-cv-8202).

The district court noted that Dominguez could state a claim under the Wage Act "only by alleging the existence of a contract or agreement that specifically gives her a right to the wages she seeks." <u>Dominguez</u>, 2012 WL 1719793, at *1. The district court then dismissed the complaint because it did "not allege the existence of an employment contract or agreement, explicit or implicit, entitling Dominguez to overtime pay for overtime hours worked or to pay for time spent stocking shelves." <u>Id.</u>

The district court cited in support a Seventh Circuit case rejecting a Wage Act claim for bonus pay where the employee showed no employment contract setting out the terms of his bonus (see Stark v. PPM Am., Inc., 354 F.3d 666, 672 (7th Cir.2004)), an Illinois Fourth District Appellate Court case rejecting a Wage Act claim for payment of accumulated unused sick leave where no contract required such pay (see Grant v. Bd. of Educ. of City of Chicago, 668 N.E.2d 1188, 1196 (Ill.App.1996)), and three similar district court cases. See Dominguez, 2012 WL 1719793, at *1.

However, the case at bar is readily distinguishable from Chagoya and Dominguez. In Chagoya, the Seventh Circuit found that officers unloading SWAT equipment while off-duty after a shift—"very far removed…from the [officers'] principal activity"— with an agreement to compensate at a set rate "approved overtime in excess of the hours required of an officer by reason of the officer's regular duty" did not "alleg[e] the existence of a contract or agreement that specifically gives [them] a right to the [overtime] wages [they] seek[]." Chagoya, 992 F.3d at 610-11, 615, 623-25 (internal citations omitted). Further, in Dominguez, the district court found that the plaintiff—who claimed that her implicit

employment agreement with her employer for payment for certain tasks but not others entitled her to overtime pay and pay for work beyond her regular duties—did not allege "the existence of a contract or agreement that specifically gives her a right to the wages she seeks" as required under the Wage Act. See Brief for Plaintiff at pp. 4-5, 8, Dominguez v. Micro Ctr. Sales Corp., 2012 WL 1719793 (N.D. Ill. May 15, 2012) (No. 11-cv-8202); see also Dominguez, 2012 WL 1719793, at *1.

Here, Plaintiff Whitford alleges that Defendant agreed to pay her and each Wage Act Class Member an hourly rate for all hours they worked in a workweek during their employment and that Plaintiff Whitford and each Wage Act Class Member accepted Defendant's offer. See d/e 1, p. 18, ¶¶ 122-23. Plaintiff states in her Response (d/e 21) to Defendant's Motion to Dismiss (d/e 18) that she seeks "to recover her unpaid straight-time wages at the hourly rate [Defendant] agreed to pay her" under her Wage Act claim, which "is distinct from her [Fair Labor Standards Act of 1938] and [Illinois Minimum Wage Law] overtime claims." d/e 21, p. 4.

Plaintiff neither seeks nor alleges contractual entitlement to overtime pay, approved or otherwise. Plaintiff instead seeks and

alleges entitlement to payment at "an hourly rate for all hours []

worked in a workweek" pursuant to her agreement with Defendant.

d/e 1, p. 18, ¶¶ 122-23.

The Court also notes that the plaintiffs in <u>Chagoya</u> and

<u>Dominguez</u> sought compensation for work distinctly different from

their main roles: equipment loading and transport that was "very

far removed…from the [officers'] principal activity" in <u>Chagoya</u>, and

uncompensated shelf-stocking "[i]n addition to [Dominguez'] regular

duties as a Sales Consultant" in <u>Dominguez</u>. <u>See</u> <u>Chagoya</u>, 992 F.3d

at 623, <u>see</u> <u>also</u> Brief for Plaintiff at p. 8, <u>Dominguez</u>, 2012 WL

1719793 (N.D. Ill. May 15, 2012) (No. 11-cv-8202). Conversely,

Plaintiff Whitford does not plead that the work for which she seeks

unpaid straight time wages under the Wage Act was any different

from the work for which she was hired and properly paid.

Therefore, the Court finds that Plaintiff Whitford alleges the

existence of an agreement specifically giving her a right to the wages

she seeks—in other words, facts showing mutual assent to terms

that support recovery—and sufficiently pleads a claim under the

Wage Act. <u>See</u> <u>Chagoya</u>, 992 F.3d at 624–25, <u>see</u> <u>also</u> <u>Dominguez</u>

2012 WL 1719793, at *1; see also Das v. Tata Consultancy Servs. Ltd., 118 F.4th 903, 907 (7th Cir. 2024).

### V. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss Count III of the Complaint (d/e 21) is DENIED.


**ENTERED: March 25, 2026.**
**FOR THE COURT:**

/s/ Sue E. Myerscough

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**